UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| WAX WORKS, LLC, | ) |
| | ) *Electronically Filed* |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 4:22-CV-130-JHM |
| | ) |
| ECHO BRIDGE ACQUISITION | ) Removed from Daviess Circuit Court, |
| CORP., LLC, | ) Civil Action No. 22-CI-00694 |
| | ) |
| Defendant. | ) |
| | ) |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE, pursuant to 28 U.S.C. §§ 1332(a), 1441 &1446, that Defendant Echo Bridge Acquisition Corp., LLC ("Defendant"), by filing this Notice of Removal and related papers, hereby removes this action from the Daviess Circuit Court, Daviess County, Kentucky, where it is currently pending as Civil Action No. 22-CI-00694, to the United States District Court for the Western District of Kentucky, Owensboro Division, and states in support as follows:

**Background**

On or about August 9, 2022, Plaintiff Wax Works, LLC ("Plaintiff"), filed its Complaint in Daviess Circuit Court (the "State Court Action"). A copy of Plaintiff's Complaint (hereinafter "Compl.") is attached with all process, pleadings, orders, and other papers served in the State Court Action as **Exhibit A**.

The two-page Complaint does not specify Plaintiff's cause of action but appears to allege a single claim against Defendant for "indebted[ness]" "for goods sold and delivered by Plaintiff to Defendant[.]" (*See* Compl. ¶ 5.) Plaintiff alleges that the debt arises from the invoices attached to

the Complaint. (*Id.*) Plaintiff is seeking a judgment "in the amount of $357,158.50." (*Id.* ¶ 5 and "Wherefore" clause.) Defendant now timely removes to this Court.

### Grounds for Removal

**A.     Removal is timely filed within 30 days of service.**

Removal is timely under 28 U.S.C. § 1446(b)(1), which requires defendants to file a notice of removal within 30 days of receipt of a copy of the initial pleading by "proper service of process" in the case. *See Whelan v. Dollar Gen. Corp.*, No. 3:11-CV-495-CRS, 2012 WL 1947179, at *2 (W.D. Ky. May 30, 2012). The earliest date that service was *arguably* achieved is August 15, 2022. This Notice has been filed within 30 days of that date.

Plaintiff attempted to achieve service of process pursuant to Kentucky's long-arm statute. There are two "permissible methods of serving process under the statute: personal service on a party or party's agent found in Kentucky or service on a nonresident through the Secretary of State." *Capital Delivery, Ltd. v. PJ COMN Acquisition Corp.*, No. 3:11-CV-440-H, 2012 WL 122569, at *1 (W.D. Ky. Jan. 17, 2012); *see* KRS 454.210(3)(a).

Because Plaintiff did not attempt personal service on Defendant in Kentucky, its service must follow the statutory procedure for service through the Secretary of State:

> The Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint. The letter shall be posted by certified mail, return receipt requested, and shall bear the return address of the Secretary of State. The clerk shall make the usual return to the court, and in addition the Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any. **Summons shall be deemed to be served on the return of the Secretary of State** and the action shall proceed as provided in the Rules of Civil Procedure.

KRS 454.210(3)(c) (emphasis added).

According to the Daviess Circuit Court's docket report, attached as **Exhibit B**, the state court issued a summons on August 9, 2022 (the "August 9 Summons"). The August 9 Summons was not served through the Secretary of State. It was mailed directly to a registered agent in Delaware by Certified Mail.

On August 15, 2022, USPS delivered the August 9 Summons to the registered agent in Delaware. Defendant never received any earlier copies of the Complaint or summonses. On August 19, 2022, Defendant received a FedEx envelope in California with an additional courtesy copy of the August 9 Summons. Neither copy of the August 9 Summons comports with the long-arm statute because they were not issued through the Secretary of State. Thus, it is unclear whether Defendant has yet been technically served with process in the State Court Action, despite docket notations to that effect.[1]

In any event, removal is timely. At earliest, putting aside potential technical defects, Defendant was served on August 15, 2022, via its registered agent for service of process in Delaware. (*See* Ex. A, at 15.) Defendant has filed this notice of removal within 30 days of that date. Defendant is prepared to proceed on the merits in this Court following removal.

**B.      The Court has original jurisdiction under the diversity statute.**

The Court has original jurisdiction over this action pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a). The Complaint seeks greater than $75,000 in damages, and the two

---

[1] The state court docket also indicates a separate summons was issued on August 10, 2022 "by way of LONG ARM STATUTE – SOS" and "served/recalled" on August 22, 2022. (*See* Ex. B, at 1.) It is unclear if service was actually completed because, other than the docket notation, no return of service has been filed in the State Court Action as proof of service via the Secretary of State. Moreover, the "Images" section of the docket shows only a return of service for the August 9 Summons. In any event, the distinction is immaterial to removal. Even if the Complaint and summons were served on August 22, 2022, as noted on the docket, the current removal is timely filed.

3

parties to the lawsuit are citizens of different states. As set forth below, Plaintiff is a citizen of the Commonwealth of Kentucky and Defendant is a citizen of the State of California:

Plaintiff is an LLC and has the citizenship(s) of its member(s). *See Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015). According to Plaintiff's articles of organization, annual report, and business listing with the Kentucky Secretary of State, collectively attached as **Exhibit C**, Plaintiff's sole member is an individual named Terry Woodward ("Woodward"). (*See* Ex. C.)

Woodward resides in Owensboro, Kentucky, and is therefore presumed to be a citizen of Kentucky for diversity purposes. Woodward's citizenship turns on domicile. *See Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994). "Domicile, a legal term of art, requires that a person *both* be present in a state *and* have the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (original emphasis; quotation marks omitted). While residence is not synonymous with domicile, "the law affords a rebuttable presumption that a person's residence is his domicile." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016); *see Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968).

According to Daviess County property records, Woodward has owned his home at 3662 Bridgepointe Road in Owensboro, Kentucky, since 1997. The residential address for Woodward is the same address as listed for service of process in Plaintiff's annual report with the Secretary of State. Based on his listed address and registered address, and his long-term residency in Kentucky, it both is apparent and also must be presumed for removal purposes that Woodward is now, and was at the time the Complaint was filed, domiciled in Kentucky. *See Mason*, 842 F.3d at 390; *Kaiser*, 391 F.2d at 1009.

Therefore, Plaintiff is a citizen of Kentucky because it is an LLC and its sole member is a citizen of Kentucky.

Defendant is also an LLC. (Compl. ¶ 2.) Defendant's sole member is EBAC Holdings, LLC, a Delaware limited liability company whose two members are Sabrina Productions, Inc., and a private individual who lives in California. The private individual, now and at the time the Complaint was filed, resides in and is domiciled in California and intends to make his home there indefinitely. For diversity jurisdiction purposes, this private individual, who is a member of EBAC Holdings, LLC, is a citizen of California.

Sabrina Productions, Inc., is, and was at the time the Complaint was filed, a California corporation which has its principal place of business in California at 10203 Santa Monica Boulevard, 5th Floor, Los Angeles, California 90067. For diversity jurisdiction purposes, Sabrina Productions, Inc. is therefore also a citizen of California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").

Based on the citizenship of EBAC Holdings, LLC, and the citizenships of all its members (both of whom are citizens of California), Defendant is a citizen of California, and there is complete diversity of citizenship in this case.

The statutory amount-in-controversy requirement for diversity jurisdiction is satisfied as well. Plaintiff's Complaint seeks a judgment in the amount of $357,158.50, exclusive of interest and costs. (Compl. ¶ 5 and "Wherefore" clause.) Plaintiff has attached invoices purportedly owed by Defendant to its Complaint, which are in excess of $75,000. Although disputed on the merits, the Complaint is dispositive as to the jurisdictional requirement. *See McCraw v. Lyons*, 863 F. Supp. 430, 432 (W.D. Ky. 1994) ("When a plaintiff alleges a specific amount of damages in

the complaint, that amount controls unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.") (citing *Klepper v. First American Bank,* 916 F.2d 337, 340 (6th Cir. 1990)).

    **C.**     **The other prerequisites for removal are satisfied.**

All other requirements for removal are satisfied.

This action is properly removed to this Court, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see* 28 U.S.C. § 97(b) (listing Daviess County among the counties comprising the Western District of Kentucky); LR 3.1(b)(3) (assigning Daviess County to the Owensboro jury division of the Western District of Kentucky).

Copies of all process, pleadings, orders, and other papers served upon Defendant are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a). (Ex. A.) To the knowledge of Defendant, there are no pending motions or petitions in the State Court Action.

Finally, pursuant to 28 U.S.C. § 1446(d), a Notice of Filing is being filed with the Daviess Circuit Court Clerk in the State Court Action and copies of both notices will be served upon Plaintiff.

WHEREFORE, Defendant hereby gives notice that this action is removed to this Court under 28 U.S.C. § 1332(a).

                                        Respectfully submitted,

                                        */s/* Thomas C. Gleason
                                        Cory J. Skolnick
                                        Thomas C. Gleason
                                        FROST BROWN TODD LLC
                                        400 West Market Street, 32nd Floor
                                        Louisville, KY 40202-3363
                                        Phone: (502) 589-5400
                                        Fax:   (502) 589-1087
                                        cskolnick@fbtlaw.com

tgleason@fbtlaw.com

Nolan M. Jackson
FROST BROWN TODD LLC
20 F Street, Suite 820
Washington, DC 20001
Phone: (859) 231-0000
Fax:     (859) 231-0011
njackson@fbtlaw.com

*Counsel for Defendant*
*Echo Bridge Acquisition Corp., LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 14, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record, or sent via First Class Mail and electronic mail to the following:

R. Michael Sullivan
SULLIVAN MOUNTJOY, PSC
100 St. Ann Street
Owensboro, KY 42303
msullivan@smlegal.com
*Counsel for Plaintiff*
*Wax Works, LLC*

                                              */s/* Thomas C. Gleason
                                              *Counsel for Defendant*
                                              *Echo Bridge Acquisition Corp., LLC*

0151710.0761763   4853-9845-2017v5